## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## EASTERN DIVISION

| | | |
|---|---|---|
| **BITCO GENERAL INSURANCE** | ) | |
| **CORPORATION,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.:  3-25-cv-157** |
| | ) | |
| **WOODCHOP TIMBER** | ) | |
| **HARVESTING, INC.,** | ) | |
| **STEVEN THAD CAIN;** | ) | |
| **DEMETRIUS KYLE** | ) | |
| **BIRMINGHAM,** | ) | |
| **ALLAN ATTEBERRY, as** | ) | |
| **Administrator of the Estate of** | ) | |
| **MIRIAM ATTEBERRY, Deceased,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff BITCO General Insurance Corporation ("BITCO" or "Plaintiff") states the following complaint for declaratory judgment against Defendants Woodchop Timber Harvesting, Inc. ("Woodchop"), Steven Thad Cain ("Cain"), Demetrius Kyle Birmingham ("Birmingham"), and Allan Atteberry, as Administrator and Personal Representative of the Estate of Miriam Atteberry, Deceased ("Atteberry" or "the Estate").

## Nature Of The Action

1.      This insurance declaratory judgment action arises out of a request for defense and indemnity coverage made by or on behalf of Defendants Woodchop, Cain, and Birmingham (collectively, the "Woodchop Defendants") under a commercial lines policy including general liability insurance coverage issued to Woodchop by BITCO. The Woodchop Defendants seek defense and indemnity for wrongful death claims arising from an automobile accident involving a logging truck and trailer owned and/or operated by the Woodchop Defendants that allegedly collided its load of logs into a bridge overpass, dislodging the logs and striking a car driven by Miriam Atteberry, fatally injuring her.  The accident forms the basis for claims against the Woodchop Defendants in *Allan Attebery, as Administrator of the Estate of Miriam Atteberry, Deceased v. Woodchop Timber Harvesting, Inc., Steven Thad Cain, Demetrius Kyle Birmingham*, Case No. 43-cv-2025-9000029, filed on January 15, 2025, in the Circuit Court of Lee County, Alabama (the "Underlying Lawsuit").

2.      This action is brought by BITCO for a declaration of the rights, obligations, and liabilities of the Woodchop Defendants and BITCO with respect to any and all defense costs and damages claimed against the Woodchop Defendants in the Underlying Lawsuit and claimed under the policy of insurance issued by BITCO. Specifically, this action seeks a declaration that BITCO is not obligated to

defend or indemnify the Woodchop Defendants under the BITCO policy for the claims in the Underlying Lawsuit based on the policy's "auto" exclusion.

## Parties And Jurisdiction

3.    Plaintiff BITCO is a corporation organized under the laws of the State of Iowa with a principal place of business in Davenport, Iowa, and is therefore a citizen of the state of Iowa under 28 U.S.C. § 1332(c)(1).

4.    Upon information and belief, Defendant Woodchop is an Alabama corporation with its principal place of business in Chambers County, Alabama, and is therefore a citizen of the state of Alabama under 28 U.S.C. § 1332(c)(1).

5.    Upon information and belief, Defendant Cain is a resident of Lafayette, Chambers County, Alabama, and is, therefore, a citizen of the State of Alabama.

6.    Upon information and belief, Defendant Birmingham is a resident of Alexander City, Tallapoosa County, Alabama, and is, therefore, a citizen of the State of Alabama.

7.    Upon information and belief, Decedent Miriam Atteberry was a resident of Opelika, Lee County, Alabama. Defendant Allan Atteberry, as Administrator and Personal Representative of the Estate, is therefore a citizen of the state of Alabama under 28 U.S.C. § 1332(c)(2).

8.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as the amount in controversy exceeds $75,000, exclusive of interests and costs, and the parties' citizenship is completely diverse.

9.     This action for declaratory judgment comes before the Court pursuant to 28 U.S.C. §§ 2201 and 2202 and Federal Rule of Civil Procedure 57.

10.     As more particularly described herein, an actual controversy exists within this Court's jurisdiction.

11.     Venue is proper in this Court pursuant to 28 U.S.C § 1391(b)(1) and (2), as events giving rise to this claim occurred in this judicial district and Defendants are subject to personal jurisdiction in this judicial district.

12.     Alabama follows the *lex loci contractus* rule in determining which state's law applies in to contract interpretation. *See, e.g*., *James River Ins. Co. v. Ultratec Special Effects, Inc.,* 449 F. Supp. 3d 1157, 1165 (N.D. Ala. 2020) (*citing Cherokee Ins. Co., Inc. v. Sanches,* 975 So. 2d 287, 292 (Ala. 2007)). Thus, Alabama courts apply the substantive law of the state where the contract was formed, and insurance policies are formed in the state where the policy was delivered and/or issued.  *Cherokee Ins. Co.,* 975 So. 2d at 292.

13.     Because the BITCO Policies at issue were issued to Woodchop in Alabama, Alabama law governs the rights and obligations created under the insurance policies issued to Woodchop by BITCO.

## Factual Allegations

14.    On October 20, 2023, in his capacity as an employee of Woodchop, Defendant Birmingham was operating a loaded commercial log truck and trailer owned by Woodchop in Opelika, Lee County, Alabama.

15.    As alleged in the Underlying Lawsuit, as Defendant Birmingham was driving the log truck and trailer underneath an overpass, one or more logs struck the overpass and ricocheted back into the car operated by decedent Miriam Atteberry, causing her to suffer fatal injuries.

16.    Defendant Atteberry filed a wrongful death complaint in the Underlying Lawsuit on January 15, 2025.  A copy of the complaint in the Underlying Lawsuit is attached as Exhibit A.

17.    Defendant Atteberry's complaint asserts the following claims against the Woodchop Defendants:

- **Count One – Negligence/Wantonness against Defendant Birmingham:** Atteberry alleges Birmingham was operating a truck that had been dangerously overloaded, and failed to exercise due care while operating the vehicle;
- **Count Two - Negligence/Wantonness against Defendants Woodchop and Cain:** Atteberry alleges Woodchop and Cain were the owners of the subject tractor trailer truck operated by Birmingham at the time of the wreck giving rise to the lawsuit,  and breached their duties of reasonable care resulting in the accident;
- **Count Three – Gross Negligence against all Defendants:** Atteberry alleges the Defendants operate the business and the vehicles in a careless, reckless and unsafe manner;
- **Count Four – Negligent Hiring, Training, Supervision and Retention against Woodchop and Cain:** Atteberry alleges

Woodchop and Cain breached their duties to act reasonably and with due care in the hiring, training, supervision and retention of Defendant Birmingham;

- **Count Five – Agency Defendants Woodchop and Cain:** Atteberry alleges Defendant Birmingham was acting as the agent, servant and/or employee of Defendants Woodchop and Cain, making Woodchop and Cain responsible for Birmingham's actions;
- **Count Six – Combined and Concurring Negligence**: Atteberry alleges the negligence of all defendants combined to cause Ms. Atteberry's death; and
- **Count Seven – Transfer of Financial Assets Voidable – Defendants Woodchop and Cain:** Atteberry alleges Defendants Woodchop and Cain conducted transfers of financial assets to avoid potential financial obligations to Atteberry resulting from the accident.

18.     Defendant Atteberry demands judgment for all damages recoverable under Alabama's Wrongful Death Act, punitive damages, interest, all costs of the proceeding, including litigation costs and attorneys' fees, and any further relief the Court or jury determines is appropriate.

19.     BITCO has issued or will be issuing near the time of the filing of this Complaint a coverage position letter to the Woodchop Defendants, disclaiming any duty to defend or indemnify them, collectively or individually, against the claims in the Underlying Lawsuit, subject to a determination by the Court as to whether coverage is owed under the BITCO policy.

## The BITCO Insurance Policy

20.     BITCO issued Commercial Lines Policy CLP 3 726 226 to named insured Woodchop Timber Harvesting, Inc., including commercial general liability

coverage for the period February 13, 2023 through February 13, 2024 (the "BITCO policy"). The BITCO Policy provides a $1,000,000 each occurrence limit and a $2,000,000 general aggregate limit. A copy of the BITCO Policy is attached hereto as Exhibit B.

21.    The BITCO Policy contains a Commercial General Liability Coverage Form providing liability coverage that, in general, covers third-party claims for "bodily injury" and "property damage" caused by an "occurrence" during the policy period that are not otherwise excluded by Policy endorsements or exclusions. The BITCO Policy does not provide automobile liability coverage.

22.    Coverage is based on the terms and conditions of the BITCO Policy.

23.    The BITCO Policy contains a provision outlining who is an insured under the Policy which reads, in pertinent part:

### SECTION II - WHO IS AN INSURED

1.    If you are designated in the Declarations as:

• • •

  d.    An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

• • •

2.    Each of the following is also an insured:

7

      a.     Your "volunteer workers" only while performing duties related to the conduct of your business, or your "employees", other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business. . . .

24.    As such, in addition to named insured Woodchop, Defendant Cain is an insured under the BITCO Policy with respect to his duties as an officer of Woodchop, and Defendant Birmingham is an insured under the BITCO policy for acts within the scope of his employment with Woodchop or while performing duties related to the conduct of Woodchop's business.

25.    The Coverage A insuring agreement of the BITCO Policy provides, in pertinent part:[1]

## COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY

**1.    Insuring Agreement**

      a.     We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or

---

[1] In addition to the cited Coverage A insuring agreement, the Policy also contains Coverage B and C insuring agreements. Coverage B provides coverage for those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury . . . caused by an offense arising out of your business."  Coverage C provides payment for Medical Payments. There are no current allegations involving "personal and advertising injury" or medical expenses.

"property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

    **(1)**    The amount we will pay for damages is limited as described in Section **III** – Limits Of Insurance; and

    **(2)**    Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B**.

**b.**    This insurance applies to "bodily injury" and "property damage" only if:

    **(1)**    The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

    **(2)**    The "bodily injury" or "property damage" occurs during the policy period …

26.    The BITCO Policy contains the following definition of "occurrence":

"Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

27.    The BITCO Policy defines "bodily injury" as "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time."

28.    The BITCO Policy defines "property damage" in pertinent part as:

a.   Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

b.   Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

. . .

29.   The BITCO Policy contains the following definition of "bodily injury":

[B]odily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

30.   The BITCO Policy contains the following exclusion a. for "bodily injury" or "property damage" expected or intended from the standpoint of the insured:

2.   Exclusions

This insurance does not apply to:

a.   Expected Or Intended Injury

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

31.   The BITCO policy contains an "auto" exclusion that provides, in pertinent part:

**2.   Exclusions**

This insurance does not apply to:

10

· · ·

###### g.  Aircraft, Auto Or Watercraft

"Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and "loading or unloading".

This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by the insured, if the "occurrence" which caused the "bodily injury" or 'property damage" involved the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft that is owned and operated by or rented or loaned to any insured.

32.    The BITCO Policy defines an "auto" in pertinent part as:

2.    "Auto" means:

a.    A land motor vehicle, trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment . . .

33.    The BITCO Policy defines "loading or unloading" as follows:

11.    "Loading and unloading" means the handling of property:

a.    After it is moved from the place where it is accepted for movement into or onto an aircraft, watercraft or "auto";

b.    While it is in or on an aircraft, watercraft or "auto"; or

c.    While it is being moved from an aircraft, watercraft or "auto" to the place where it is finally delivered;

but "loading or unloading" does not include the movement
of property by means of a mechanical device, other than a
hand truck, that is not attached to the aircraft, watercraft
or "auto".

34.     BITCO did not issue commercial automobile liability insurance
coverage to the Woodchop Defendants. Instead, the Woodchop Defendants are
covered under a commercial auto insurance policy issued to Woodchop by Zurich
American Insurance Company ("Zurich"), policy number BAP1256527-03, with a
policy period February 13, 2023 through February 13, 2024 (the "Zurich Policy").

35.     The Zurich Policy provides a $1,000,000 limit for covered auto
liability.  The vehicle owned by Woodchop involved in the accident is scheduled as
covered auto number 32 under the Zurich Policy's Item Three, Schedule of Covered
Autos You Own.  The Woodchop Defendants are insureds under the Zurich Policy.

## COUNT I – DECLARATORY JUDGMENT
### (Auto Exclusion)

36.     BITCO adopts and incorporates the allegations contained in all
preceding paragraphs as if fully set forth herein.

37.     The BITCO Policy contains a standard form "auto" exclusion which
excludes from coverage "bodily injury" or "property damage" ***arising out of*** the
ownership, maintenance, use or entrustment to others of any "auto" owned or
operated by or rented or loaned to any insured.

38.   The purpose of the standard form "auto" exclusion is to "proscribe coverage for liability that should more properly fall under an automobile liability policy." *Mid-Continent Cas. Co. v. Advantage Med. Elecs., LLC*, 196 So. 3d 238, 245–46 (Ala. 2015).

39.   Alabama courts and federal courts applying Alabama law have consistently found the "auto" exclusion in a CGL policy to be unambiguous. *See, e.g., Lancer Ins. Co. v. Newman Specialized Carriers, Inc.,* 903 F. Supp. 2d 1272, 1276–77 (N.D. Ala. 2012*); St. Paul Mercury Ins. Co. v. Chilton-Shelby Mental Health Ctr.,* 595 So. 2d 1375 (Ala. 1992).

40.   Alabama courts and federal courts applying Alabama law consistently assign a broad interpretation to the phrase "arising out of" in policy exclusions:

> In cases involving insurance coverage regarding the use of a motor vehicle, the phrase "arising out of" are words of much broader significance than "caused by." They are ordinarily understood to mean "originating from," "having its origin in," "growing out of" or "flowing from," or, in short, "incident to, or having connection with," the use of the car.

*Travelers Home and Marine Ins. Co. v. Garner*, No. 3:15-cv-00780, 2016 WL 6873193, at *3 (N.D. Ala. Nov. 22, 2016); *see Twin City Fire Ins. Co., Inc. v. Ohio Cas. Ins. Co., Inc.*, 480 F.3d 1254, 1264 (11th Cir. 2007); *St. Paul Mercury Ins. Co. v. Chilton-Shelby Mental Health Ctr.,* 595 So. 2d 1375 (Ala. 1992) ("auto" exclusion excluded coverage for infant's death while being left in a parked van); *see also QBE Ins. Corp. v. Sullivan Trucking Co., LLC,* No. CV 08-B-0616-W, 2009 WL

10703805, at *9 (N.D. Ala. May 13, 2009) ("the [auto] exclusion should be applicable whether or not the claim against the insured is related to the ownership or use of the vehicle; it is enough that the injuries alleged were caused by the use of the vehicle") (internal citations omitted).

41.    All damages and losses alleged in the Underlying Lawsuit arose out of the "ownership, maintenance, use or entrustment to others" of an "'auto' . . . owned or operated by . . . any insured."

42.    A justiciable controversy exists relative to the rights and obligations of the parties with regard to the "auto" exclusion in the BITCO Policy.

WHEREFORE, BITCO respectfully requests the Court to award any relief authorized by law and enter judgment declaring that the claims asserted against the Woodchop Defendants are excluded by the "auto" exclusion of the BITCO Policy, and that BITCO owes no coverage obligation of defense or indemnity to the Woodchop Defendants with regard to such claims.

## COUNT II – DECLARATORY JUDGMENT
### (No "Occurrence" of "Property Damage" alleged in Count Seven)

43.    BITCO adopts and incorporates the allegations contained in all preceding paragraphs as if fully set forth herein.

44.    The Coverage A insuring agreement of the BITCO Policy provides liability coverage only for claims for "bodily injury" and "property damage" caused

by an "occurrence" during the policy period that are not otherwise excluded by Policy endorsements or exclusions.

45.    The Policy defines an "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

46.    Under Alabama law, an accident is "[a]n unintended and unforeseen injurious occurrence; something that does not occur in the usual course of events or that could be reasonably anticipated." *Hartford Cas. Ins. Co. v. Merchants & Farmers Bank,* 928 So. 2d 1006, 1013 (Ala. 2005) (quoting *Black's Law Dictionary* 15 (7th ed. 1999)).

47.    Under Alabama law, economic losses are not "property damage" within the meaning of an insurance policy. *See Rosenberg v. TIG Ins. Co.*, No. 2:16-CV-958-WHA, 2017 WL 4563859, at *6 (M.D. Ala. Oct. 12, 2017); *see also Am. States Ins. Co. v. Martin*, 662 So. 2d 245, 248-49 (Ala. 1995).

48.    The Complaint does not allege "property damage" as defined in the BITCO Policy.

49.    In Count Seven of the Underlying Lawsuit, entitled "Transfer of Financial Assets Voidable – Defendants Woodchop and Cain," Atteberry alleges Defendants Woodchop and Cain conducted transfers of financial assets to avoid potential financial obligations to Atteberry resulting from the accident.    Such

allegations do not satisfy the BITCO Policy's requirements of "property damage" caused by an "occurrence."

50.    Count Seven alleges intentional acts and not an "accident" or "occurrence."

51.    A justiciable controversy exists relative to the rights and obligations of the parties with regard to the "occurrence" of "property damage" requirement of the BITCO Policy as applied to Count Seven of the Underlying Lawsuit.

WHEREFORE, BITCO respectfully requests the Court to award any relief authorized by law and enter judgment declaring that claims asserted against Defendants Cain and Woodchop in Count Seven of the Underlying Lawsuit do not meet the definition of an "occurrence" of "property damage" as mandated by the insuring agreement of the BITCO Policy, and that BITCO owes no coverage obligation of defense and indemnity to Defendants Cain and Woodchop with regard to such claims.

## COUNT III – DECLARATORY JUDGMENT
### (Expected or Intended Injury Exclusion – Count Seven)

52.    BITCO adopts and incorporates the allegations contained in all preceding paragraphs as if fully set forth herein.

53.    The BITCO Policy includes an exclusion for "bodily injury" or "property damage" that is expected or intended from the standpoint of the insured.

54.    In Count Seven of the Underlying Lawsuit, entitled "Transfer of Financial Assets Voidable – Defendants Woodchop and Cain," Atteberry alleges Defendants Woodchop and Cain conducted transfers of financial assets to avoid potential financial obligations to Atteberry resulting from the accident.  Count Seven further alleges that Defendants Woodchop and Cain conducted transfers of financial assets knowing, or when they reasonably should have known, of Plaintiff's potential wrongful death claims.

55.    As alleged in Count Two of this declaratory judgment complaint, Count Seven does not allege an "occurrence" of "property damage" as required by the BITCO insuring agreement.  Alternatively, Count Seven is excluded from coverage by the BITCO Policy's "expected or intended injury" exclusion.

56.    A justiciable controversy exists relative to the rights and obligations of the parties with regard to the expected or intended injury exclusion of the BITCO Policy.

WHEREFORE, BITCO respectfully requests the Court to award any relief authorized by law and enter judgment declaring that claims asserted against Defendants Cain and Woodchop in Count Seven of the Underlying Lawsuit are excluded from coverage by the BITCO Policy's expected or intended injury exclusion, and that BITCO owes no coverage obligation of defense and indemnity to Defendants Cain and Woodchop with regard to Count Seven.

## **PRAYER FOR RELIEF**

WHEREFORE, BITCO respectfully asks for the following relief:

A.      A declaration that BITCO does not owe defense or indemnity coverage for any of the claims asserted against the Woodchop Defendants in the Underlying Lawsuit by operation of the "auto" exclusion of the BITCO Policy;  and/or

B.      A declaration that BITCO does not owe defense or indemnity coverage for the claims asserted in Count Seven of the Underlying Lawsuit against Defendants Cain and Woodchop, as these claims do not meet the definitions of an "occurrence" of "property damage" as required by the insuring agreement of the BITCO Policy; and/or

C.      A declaration that BITCO does not owe defense or indemnity coverage for the claims asserted in Count Seven of the Underlying Lawsuit against the Woodchop Defendants by operation of the BITCO Policy's expected or intended injury exclusion;

D.      An order finding no coverage is owed under the BITCO policy based on any other of its terms, provisions, or conditions; and/or,

E.      Granting such other, further, or different relief to which BITCO is entitled.

Respectfully submitted,

_____
One of the Attorneys for Plaintiff
BITCO General Insurance Corporation

Spencer M. Taylor
(ASB-1663-O59S)
Catherine M. Newman
(ASB-4416-H15I)
BARZE TAYLOR NOLES LOWTHER LLC
Lakeshore Park Plaza
2204 Lakeshore Drive, Suite 425
Birmingham, AL  35209
(205) 872-1032
staylor@btnllaw.com
cnewman@btnllaw.com

**DEFENDANTS TO BE SERVED BY CERTIFIED MAIL:**

Mr. Allan Atteberry, as Administrator and Personal Representative of the Estate of
Miriam Atteberry
104 Carol Avenue
Opelika, Alabama 36804

Woodchop Timber Harvesting, Inc.
c/o Mr. Steven Thad Cain
11022 County Road 28
Lafayette, Alabama 36862-4646

Mr. Steven Thad Cain
11022 County Road 28
Lafayette, Alabama 36862-4646

**DEFENDANT TO BE SERVED BY PROCESS SERVER:**

Mr. Demetrius Kyle Birmingham
762 Celia Circle
Apartment B
Alexander City, Alabama 35010